NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TONATIHU AGUILAR,<br><br>            Petitioner-Appellant,<br><br>  v.<br><br>CHARLES L. RYAN; ATTORNEY GENERAL FOR THE STATE OF ARIZONA,<br><br>            Respondents-Appellees. | No.    17-16013<br><br>D.C. No. 2:14-cv-02513-DJH<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted February 6, 2019
Submission Vacated March 19, 2019
Resubmitted August 12, 2022
Phoenix, Arizona

Before: HAWKINS, M. SMITH, and HURWITZ, Circuit Judges.

Tonatihu Aguilar was convicted of two first-degree murders in Arizona state

court. Aguilar was sixteen at the time of each crime. For the first conviction, Aguilar

was sentenced to life without the possibility of parole ("LWOP"), and for the second,

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

he was resentenced to LWOP after his death sentence was vacated in light of *Roper v. Simmons*, 543 U.S. 551 (2005). Arguing that the LWOP sentences violated the Eighth Amendment's prohibition against cruel and unusual punishment because of his age at the time of the murders, Aguilar unsuccessfully sought post-conviction relief in state court. Aguilar's 28 U.S.C. § 2254 habeas corpus petition was then denied by the district court, which granted a certificate of appealability. We affirm.

1. Aguilar contends that his LWOP sentences were unconstitutional under the Supreme Court's decisions in *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 577 U.S. 190 (2016), because neither sentencing judge made an express nor an implicit finding of incorrigibility. Although that argument finds some facial support in the language of those two cases, it is foreclosed by the Supreme Court's later decision in *Jones v. Mississippi*, in which certiorari was granted for the express purpose of explaining "how to interpret *Miller* and *Montgomery*." 141 S. Ct. 1307, 1313 (2021). *Jones* clarified that the Eighth Amendment categorically forbade mandatory sentencing schemes and required "only that a sentencer follow a certain process—considering an offender's youth and attendant characteristics—before imposing" LWOP. *Id.* at 1311 (quoting *Miller*, 567 U.S. at 483). The Court stressed that "a separate factual finding of permanent incorrigibility is not required," *id.* at 1318, nor is an "on-the-record sentencing explanation with an implicit finding of permanent incorrigibility," *id.* at 1320. The

2

"key assumption of both *Miller* and *Montgomery*," the Court explained, "was that discretionary sentencing allows the sentencer to consider the defendant's youth, and thereby helps ensure that life-without-parole sentences are imposed only in cases where that sentence is appropriate in light of the defendant's age." *Id.* at 1318; *see also Jessup v. Shinn*, 31 F.4th 1262, 1266 (9th Cir. 2022) ("*Miller* requires, for a juvenile offender, an individualized sentencing hearing during which the sentencing judge assesses whether the juvenile defendant warrants a sentence of life with the possibility of parole.").

2. Both of Aguilar's sentencing hearings complied with the rule announced in *Jones*. Arizona law at the time of these sentencings did not require that LWOP be imposed "*automatically*, with no individualized sentencing considerations whatsoever." *Id.* at 1267; *see* Ariz. Rev. Stat. § 13-703(A) (2001). In the first sentencing, the judge referred to age as a mitigating factor and in the second case the judge heard extensive argument about why Aguilar's age supported a lesser sentence. As *Jones* held, the Eighth Amendment requires no more.

3. Aguilar also argues that his sentences were unconstitutional because the Arizona legislature had in 1993 eliminated parole for crimes committed in 1994 or later, and replaced parole with a credit system for early release, *see Jessup*, 31 F.4th at 1266–67, and that statutory scheme was not amended until after the Supreme Court's decision in *Miller* to allow life sentences with the possibility of parole for

3

juvenile offenders convicted of first-degree murder, *see State v. Randles*, 334 P.3d 730, 732 (Ariz. Ct. App. 2014). However, in *Jessup*, we found that habeas relief was not warranted in these circumstances because in imposing an LWOP sentence, the sentencing judge considered the defendant's "age and other relevant considerations" before concluding that no possibility of release was warranted. 31 F.4th at 1267. We also noted that nothing "in the record suggests that the precise form of potential release at issue had any effect on the sentencing judge's exercise of discretion. Much to the contrary, the record makes clear that the sentencing judge (and everyone else involved) genuinely, if mistakenly, thought that he was considering a sentence of life with the possibility of *parole*." *Id.* The same is true here.

4. Finally, Aguilar contends that Arizona law at the time of his sentencings did not afford the judge the discretion *Miller* requires because age did not automatically justify a sentence other than death and because Arizona had a causal-nexus requirement for mitigating evidence in death penalty cases. Even assuming that these arguments were exhausted in the state court, they fail. Even before *Roper* held that a death sentence could not be imposed on a defendant less than eighteen years of age, 543 U.S. at 568, Arizona law did not foreclose age from being a substantial, or even dispositive, mitigating factor in capital sentencing decisions, *see State v. Jackson*, 918 P.2d 1038, 1048 (Ariz. 1996); *State v. Jimenez*, 799 P.2d 785,

4

797 (Ariz. 1990). Any causal-nexus requirement had been abandoned by the Arizona Supreme Court by the time of Aguilar's resentencing in the second case. *See State v. Anderson*, 111 P.3d 369, 391–92 (Ariz. 2005). And, the record in the first case does not suggest that any absence of a causal nexus prevented the judge from considering Aguilar's youth before imposing LWOP; indeed, as noted above, the judge expressly noted age as a mitigating factor.[1]

**AFFIRMED.**

---

[1] Aguilar's motion for judicial notice is denied.